United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE UNITED COUNCIL OF HUMAN
SERVICES, et al.,

Plaintiffs,

v.

FELTON INSTITUTE, et al.,

Defendants.

Case No. 25-cv-09819-HSG

**ORDER GRANTING MOTION TO
REMAND AND TERMINATING
MOTION TO DISMISS**

Re: Dkt. Nos. 9, 31

Pending before the Court are Plaintiffs' motion to remand, Dkt. No. 9, and Defendant City and County of San Francisco's motion to dismiss, Dkt. No. 31.  The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court **GRANTS** the motion to remand and **TERMINATES AS MOOT** the motion to dismiss.

## I.    BACKGROUND

Plaintiffs The United Council of Human Services ("UCHS") and its former-CEO Gwendolyn Westbrook filed a complaint in San Francisco Superior Court in July 2025 against twelve individual and corporate defendants.  *See* Dkt. No. 2, Ex. A.  Plaintiffs bring ten state law claims and a 42 U.S.C. § 1983 claim against Defendants.  *See id.* ¶¶ 67–212.  Defendant City and County of San Francisco ("San Francisco") was served on October 16, 2025, and removed to federal court on November 14, 2025.  Dkt. No. 1.

## II.    DISCUSSION

Plaintiffs seek remand because Defendant San Francisco "failed to secure the participation of the multiple Defendants who had already been properly served" at the time of removal on November 14, 2025.  Dkt. No. 9-1 at 4.  Plaintiffs introduce evidence that seven Defendants—

United States District Court
Northern District of California

Public Health Foundation Enterprises, Inc. aka Heluna Health ("Heluna Health"), Felton Institute, Bayview Hunters Point Foundation for Community Improvement ("Bayview"), James Boquin, Department of Homelessness and Supportive Housing ("HSH"), San Francisco, and Al Gilbert— had been served by October 16, 2025. *Id.* at 3; Dkt. No. 9-2 ¶¶ 4–10. It is undisputed that Defendant San Francisco knew that Al Gilbert and Heluna Health had been served when it filed its notice of removal. Dkt. No. 1 at 3 ("The City anticipates that it will cure joinder of Al Gilbert and Heluna Health."). The parties dispute when Defendant San Francisco knew or could have known that the other Defendants had been served. *Compare* Dkt. No. 9-1 at 9, *with* Dkt. No. 20 at 2.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, "[i]f this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (quotation omitted)). Here, while it is undisputed that some of the served Defendants had not consented by November 14, 2025, all served Defendants had consented by no later than December 9, 2025. *See* Dkt. No. 1 (noting that HSH is not an independent entity from removing Defendant San Francisco); Dkt. No. 11 (Bayview, James Bouquin); Dkt. No. 17 (Heluna Health, Peter Dale); Dkt. No. 18, Ex. D (Al Gilbert, Felton Institute); Dkt. No. 22 (dismissing YMCA Bayview); Dkt. No. 23 (dismissing Gina Farmer); Dkt. No. 24 (dismissing YMCA of San Francisco).[1]

Plaintiffs argue that Defendant San Francisco was required to cure this defect "prior to expiration of Removing Defendant's 30-day window" on November 17, 2025, which did not happen here. Dkt. No. 9-1 at 7. Plaintiffs note that older Ninth Circuit precedent apparently required defects in a removal notice to be cured "within the thirty-day statutory period permitted

---

[1] It appears that Defendant Dave Curto has not yet been served.

for joinder." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). However, any such firm deadline seemingly contradicts the Ninth Circuit's more recent holding in *Destfino*.

The Court acknowledges that the removal statute has been significantly amended since the Ninth Circuit's decisions in *Prize Frize* and *Destfino*, which has caused some courts to question those (and similar) holdings. Most notably, in *Taylor v. Medtronic, Inc.*, 15 F.4th 148 (2d Cir. 2021), the Second Circuit recently considered how long defendants have to cure consent defects. The Second Circuit observed that most cases that permitted consent defects to be cured before judgment "predated Congress's codification of the rule of unanimity [for consent] in 2011." *Id.* at 152. "When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now [courts] are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service." *Id.* The Second Circuit concluded that joinder was required within the 30-day deadline for removal under the plain language of the statute. *Id.* at 153. Particularly given the Ninth Circuit's presumption in favor of remand, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), several courts in this circuit have adopted similar reasoning and imposed the same requirement. *See, e.g.*, *Palmeira v. CIT Bank, N.A.*, No. CV 17-00275 ACK-RLP, 2017 WL 4797515, at *4–*6 (D. Haw. Oct. 24, 2017); *Lopez v. Michael Weinig, Inc.*, No. CV 20-6012 PA (JEMX), 2020 WL 4192260, at *2–*4 (C.D. Cal. July 17, 2020). Under this approach, Defendants did not cure the consent defect in time.

While this reasoning is compelling, *Destfino* is the Ninth Circuit's most recent binding authority on the issue, and at least some courts have continued to apply it. *See Conroy v. Ridge Tool Co.*, No. 4:20-CV-05882-YGR, 2020 WL 8641963, at *4 (N.D. Cal. Nov. 18, 2020). Even assuming *Destfino* controls, however, its rule is discretionary: "the district court *may allow* the removing defendants to cure the defect by obtaining [subsequent] joinder." 630 F.3d at 957 (emphasis added).

Assuming it has such discretion, the Court would decline to excuse Defendant's failure to gain unanimous consent by the removal deadline. First, Defendant San Francisco at minimum

United States District Court
Northern District of California

knew that Defendants Gilbert and Heluna Health had been served when it filed its notice of removal on November 14. *See* Dkt. No. 1 at 3. But there is no evidence that Defendant San Francisco ever tried to get their consent until almost a month later, a few weeks after Plaintiffs filed their motion to remand. *See* Dkt. No. 17; Dkt. No. 18, Ex. D at 71.

Second, several courts have observed that the precedent underlying the Ninth Circuit's decision in *Destfino* was concerned with cases that had been "fully adjudicated through judgment," where "the tax on both court systems and the partie[s] weigh in favor of excusing the defect rather than reversing a judgment and remanding the case to start anew in state court." *Sotelo v. Browning-Ferris Indus. of Cal., Inc.*, No. 2:20-CV-06927-SB-PVC, 2020 WL 7042816, at *4 (C.D. Cal. Nov. 30, 2020) (quotation omitted); *see Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *as amended* (July 28, 1998) (noting that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court" and citing concerns about the costs of wiping out an adjudication post-judgment). Those concerns are not implicated here at this early stage. As a result, the Court **GRANTS** Plaintiffs' motion. *Cf. Dominguez v. Werner Enters., Inc.*, No. 5:25-CV-02401-SPG-E, 2025 WL 3493892, at *3 (C.D. Cal. Dec. 3, 2025) (taking this same approach after considering the Second Circuit's opinion in *Taylor*).[2]

## III.   CONCLUSION

The Court **GRANTS** Plaintiffs' motion to remand, Dkt. No. 9, and **TERMINATES AS MOOT** Defendant San Francisco's motion to dismiss, Dkt. No. 31. The Clerk is directed to remand this case to the Superior Court of California for the County of San Francisco and close the file.[3]

---

[2] Remanding in this uncertain posture is also more consistent with the Ninth Circuit's "strong presumption" against removal jurisdiction, which requires the Court to remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[3] The Court **DENIES** Plaintiffs' request for attorneys' fees, Dkt. No. 9-1 at 9. Defendant San Francisco had a clear basis for removal in light of the Court's obvious federal question jurisdiction, and the Court cannot say it was objectively unreasonable for Defendant San Francisco to think it could resolve any consent defects after filing its notice of removal in light of precedent like *Destfino*. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual

**IT IS SO ORDERED.**

Dated:   5/5/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

5